## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEST RESTAURANT HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HARTFORD A/K/A THE HARTFORD FIRE INSURANCE CO., <br><br> Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Hartford Fire Insurance Company (improperly named as "The Hartford a/k/a The Hartford Fire Insurance Co.") (hereafter, "Hartford Fire"), by and through its undersigned counsel, hereby removes this action from the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Hartford Fire states as follows:[1]

**I.      INTRODUCTION**

1.      On February 25, 2022, Plaintiff Harvest Restaurant Holdings, LLC ("Harvest") filed a Complaint against Hartford Fire in the Court of Common Pleas of Delaware County,

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Hartford Fire's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

Pennsylvania, Case No. 2022-001382. Harvest served the Complaint on Hartford Fire on March 14, 2022. A copy of the Complaint and accompanying materials are attached hereto as Exhibit A.

2. In its Complaint, Harvest alleges that it purchased from Hartford Fire and is the named insured under "an All Risk Deluxe Business Insurance Policy # 20 UUN IC8651," with a policy period of February 26, 2020 to February 26, 2021. *See* Compl. ¶¶ 1, 20. Harvest alleges that it "is the umbrella entity for nine (9) separate restaurant entities" that are all "insured premises" covered under the policy. *See id.* A copy of the policy is attached as Exhibit 1 to Harvest's Complaint.

3. Harvest seeks insurance coverage for losses it claims to have incurred due to the COVID-19 pandemic and resulting governmental orders, which allegedly forced each of Harvest's restaurants, as non-essential businesses, to close temporarily to the public. *See, e.g.*, Compl. ¶¶ 6-20. Harvest alleges that Hartford Fire improperly denied Harvest's claim for coverage under the policy. *See, e.g., id.* ¶¶ 33, 82-83.

4. The Complaint includes six causes of action against Hartford Fire: (1) a declaratory judgment claim for "virus and/or civil authority coverage"; (2) a breach of contract claim for "virus and/or civil authority coverage"; (3) a declaratory judgment claim for business income coverage; (4) a breach of contract claim for business income coverage; (5) a declaratory judgment claim for extra expense coverage; and (6) a breach of contract claim for extra expense coverage.[2] Harvest seeks declaratory relief and "substantial" monetary damages, as well as pre- and post-judgment interest, attorneys' fees, and costs. *See, e.g.*, Compl. ¶¶ 84, 101, 119, p. 25 (Prayer for Relief).

---

[2] The causes of action are mis-numbered, as there are two "Count Vs" identified in the Complaint: "Count V" for "declaratory judgment – extra expense coverage" (Compl. ¶¶ 102-110) and "Count V" for "breach of contract – extra expense coverage" (Compl. ¶¶ 111-119).

## II.     BASIS OF REMOVAL

5. This case is properly removable to federal court because it involves a controversy among citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, 1446.

### A.     There is Complete Diversity of Citizenship

6. Harvest is registered as a Delaware limited liability company, and, upon information and belief, its members are domiciled in Pennsylvania, Delaware, New Jersey or Florida. Based on Hartford Fire's good faith investigation to date, it appears none of Harvest's members are citizens of Connecticut. Therefore, upon information and belief, Harvest is a citizen of Pennsylvania, Delaware, New Jersey, and/or Florida for diversity jurisdiction purposes, not Connecticut. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105, 110 (3d Cir. 2015) (explaining that the citizenship of a limited liability company is determined by the citizenship of its members, and a party asserting diversity jurisdiction need not affirmatively plead the citizenship of each of the members of a limited liability company; it need only perform a reasonable investigation and allege in good faith that the members are not citizens of its state of citizenship).

7. Hartford Fire is incorporated in and has its principal place of business in Connecticut. *See Legal Notice*, THE HARTFORD, https://www.thehartford.com/legal-notice (last visited Mar. 30, 2022); *see also, e.g.*, *Chaunheng Mgmt. v. Hartford's Twin City Fire Ins. Co.*, No. 11-cv-06319, 2012 WL 1622673, at *1-2 (E.D. Pa. May 9, 2012) (denying motion to remand and noting court has "no reason to doubt defendants' averments concerning their state of incorporation and principal place of business," including that Hartford Fire is a Connecticut corporation with its principal place of business in Hartford, Connecticut). Hartford Fire is therefore a citizen of Connecticut for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a

citizen of the state where it is incorporated as well as the state where it has its principal place of business).

8. Accordingly, there is complete diversity of citizenship between the parties.

**B.  The Amount in Controversy Exceeds $75,000**

9. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" Where, as here, a complaint does not seek a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Although Harvest does not quantify its alleged damages, it is readily apparent that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

10. Harvest alleges that it suffered "substantial" monetary losses due to the coronavirus and resulting governmental orders. *See, e.g.*, Compl. ¶¶ 13-16, 84. More specifically, Harvest alleges that the governmental orders issued in response to the coronavirus directed all non-essential businesses to close, including each of Harvest's restaurants, beginning on or around March 19, 2020, and that it lost substantial business income as a result. *See id.* ¶¶ 13-16. Harvest does not specify when its restaurants were permitted to re-open; however, as alleged, the governmental orders were effective or extended for at least several months. *See id.* Subject to its terms, conditions, and exclusions, the policy provides business income coverage up to $3,550,000. *See* Ex. 1 to Compl., Policy at Form PC 00 20 01 18 p. 1, Form HM 12 01 01 07T p. 1, Property Choice Summary p. 1, Form HM 12 01 01 071 p. 1, Form PC 00 02 01 19T p. 1.

11. In addition to "substantial" monetary damages, Harvest also seeks declaratory relief. The amount in controversy for Harvest's request for declaratory relief is "the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted); *see also, e.g.*, *Allstate Vehicle & Prop. Ins. Co. v. Harris*, No. 20-741, 2020 WL 4201598, at *3 (E.D. Pa. July 22, 2020). In this case, the object of the litigation is the value of Harvest's claim under the insurance policy, *i.e.*, the amount of money Hartford Fire would pay to Harvest if its COVID-19 business interruption claim is covered under the policy.

12. Harvest's allegations indicate lost business income for several months while its various restaurants were closed, beginning in mid-March of 2020. *See* Compl. ¶¶ 13-16. Based on publicly available information, Harvest's annual sales are estimated to be $11 million. *See* Ex. B, D&B Hoovers OneStop Report for Harvest Restaurant Holdings LLC, at pp. 3, 7. Thus, just one month of lost income would be approximately $916,666 ($11 million divided by 12 months).

13. Further, the Complaint indicates lost income for nine specific restaurant locations that allegedly had to close. The lost income for at least some of those restaurants, individually and cumulatively, would exceed $75,000 over a period of just one month. For instance, one of the restaurants is Harvest North Wales, LLC. *See* Compl. ¶ 1(d). Based on publicly available information, that restaurant alone has annual sales of approximately $1.4 million. *See* Ex. C, D&B Hoovers OneStop Report for Harvest North Wales, LLC, at pp. 3, 7. Another is Harvest Newtown Bucks County, LLC, *see* Compl. ¶ 1(h), which reportedly has annual sales of approximately $1.5 million. *See* Ex. D, D&B Hoovers OneStop Report for Harvest Newtown Bucks County, LLC, at pp. 3, 7. Another is Harvest Lancaster, LLC, *see* Compl. ¶ 1(i), which reportedly has annual sales of approximately $1,168,000. *See* Ex. E, Experian Powered Business Data Report for Harvest

Lancaster LLC, at p. 1; Ex. F, Experian Commercial Credit Scores Report for Harvest Lancaster LLC, at p. 2.

14. In addition, Harvest seeks coverage for extra expenses it allegedly incurred, including "expenses to avoid or minimize the suspension of business, continue operations, and to repair, sanitize or replace property." *See* Compl. ¶¶ 102-119. The specific amounts are unspecified.

15. In short, while Hartford Fire denies that Harvest is entitled to any recovery at all in this case, the amount in controversy plausibly exceeds $75,000, exclusive of interests and costs.

    **C.**    **The Other Procedural Requirements for Removal are Satisfied**

16. This Notice of Removal is being filed within 30 days of service, and less than one year after commencement of this action, in accordance with 28 U.S.C. § 1446.

17. Attached hereto as Exhibit A is "a copy of all process, pleadings, and orders served upon" Hartford Fire. *See* 28 U.S.C. § 1446(a).

18. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania, and is being served on counsel of record pursuant to 28 U.S.C. § 1446(d).

19. Under 28 U.S.C. § 1441(a), venue is proper in this Court as a district or division embracing the place where the state action was pending.

**III.**    **CONCLUSION**

For the foregoing reasons, Hartford Fire respectfully provides notice of the removal of this action to this Court, and requests that this Court assume jurisdiction and proceed with this case as though it was originally filed in this Court.

Respectfully submitted,

By: /s/ Richard D. Gable, Jr.
    Richard D. Gable, Jr.
BUTLER WEIHMULLER KATZ CRAIG, LLP
Bar No.: 65842
1818 Market Street
Suite 2740
Philadelphia, Pennsylvania 19103
Phone: 267-507-1410
rgable@butler.legal

Sarah D. Gordon
John J. Kavanagh
Conor P. Brady
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-8005
sgordon@steptoe.com
jkavanagh@steptoe.com
cbrady@steptoe.com
*Pro Hac Vice Applications Forthcoming*

*Counsel for Hartford Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing has been furnished to all counsel of record by ECF on April 4, 2022.

                                        <u>/s/ Richard D. Gable, Jr.</u>
                                        Richard D. Gable, Jr.
                                        BUTLER WEIHMULLER KATZ CRAIG, LLP
                                        Bar No.: 65842
                                        1818 Market Street
                                        Suite 2740
                                        Philadelphia, Pennsylvania 19103
                                        Phone: 267-507-1410
                                        rgable@butler.legal